UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES T. TYCZ,

                Plaintiff,

     v.

ASBEKA INDUSTRIES OF NEW YORK, INC., et al.,

                Defendants.

**DECISION AND ORDER**
12-CV-284S

## I. INTRODUCTION

On November 10, 2011, Plaintiff, James T. Tycz, commenced a lawsuit in the Supreme Court of the State of New York, Erie County, alleging damages resulting from exposure to asbestos. On April 5, 2012, Defendant G.S. Blodgett Corporation ("Blodgett") removed the case to this Court. Tycz now moves to remand the case to state court, and for costs associated therewith. For the following reasons, Tycz's motion is granted with respect to remand but denied with respect to costs.

## II. BACKGROUND

In his complaint, Tycz  generally alleges that, during the course of his occupation, he "handled . . . or was otherwise exposed to large amounts of various asbestos-containing products and materials manufactured and marketed by" six different companies—the defendants in case. (Compl., ¶ 11, attached as Ex. "1" to the Notice of Removal; Docket No. 1.) Not until his memorandum in support of this motion does Tycz provide specifics: he is a 56-year-old caterer suffering from malignant pleural mesothelioma, a disease allegedly caused by contact with an asbestos-laden baking sheet while employed at Angelina's, a now-closed Buffalo-area restaurant. (Mem. in Supp. of Mot. to Remand, at 2; Docket No. 6-7.)

He then goes on to explain that, although he has sued six different entities, his claim is "primarily" against three companies: Blodgett, a Vermont Corporation; Niagara Insulations, Inc. ("Niagara"), a New York Corporation; and Union Carbide, a New York Corporation. (Id. at 1; see also Compl., ¶¶ 5, 8, 10.) According to Tycz's motion to remand and documents attached thereto, Blodgett is a manufacturer of pizza ovens that used Transite© baking sheets, an asbestos product manufactured by Johns Manville, which was used in the ovens at Angelina's. Niagara, in turn, was for a time, allegedly the exclusive supplier of Johns Manville products to the county where Angelina's was located. Finally, as for Union Carbine, it  allegedly produced asbestos fibers that may have been sold to Johns Manville.

### III.  DISCUSSION

Initially, there is no dispute that if any of the New York corporations are proper parties to this action, their presence destroys diversity jurisdiction and remand is required. See 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S. Ct. 467, 472, 136 L. Ed. 2d 437 (1996) (explaining complete diversity requirement).

On the face of Tycz's complaint, complete diversity does not exist: Tycz is a citizen of New York and has sued several New York corporations.[1] G.S. Blodgett, an out-of-state

---

[1]A corporation is deemed "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  A corporation's principal place of business is its "nerve center" — "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities."  Hertz Corp. v. Friend, --- U.S. ----, 130 S. Ct. 1181, 1186, 175 L .Ed.

defendant, however, contends that all of the New York defendants were fraudulently joined. Tycz does not make any argument in opposition to this contention with respect to several of the New York defendants, but he does argue that Niagara and Union Carbide were not fraudulently joined, and that remand is therefore necessary.

The fraudulent joinder doctrine prevents plaintiffs from defeating diversity jurisdiction and a defendant's right of removal by simply joining as defendants non-diverse parties with no real connection to the controversy.  See Pampillonia v. RJR Nabisco, Inc. 138 F.3d 459, 460-61 (2d Cir. 1998).  To establish fraudulent joinder, a defendant must demonstrate by clear and convincing evidence that there is outright fraud in the plaintiff's pleadings, or that there is no possibility of stating a claim against the non-diverse defendant in state court. Id. at 461.  "The defendant bears the heavy burden of proving this circumstance [and] all factual and legal ambiguities [must be] resolved in favor of plaintiff." Collins v. Flynn, No. 08-CV-59, 2008 WL 3851842, at *3 (W.D.N.Y. Aug. 15, 2008) (citing Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F. 3d 296, 302 (2d Cir. 2004)). The defendant's burden is even greater than the requisite burden to dismiss for failure to state a claim. Stan Winston Creatures, Inc. v. Toys "R" Us, Inc., 314 F. Supp. 2d 177, 182-83 (S.D.N.Y. 2003) ("In order to show that a defendant was fraudulently joined to defeat removal, it is not sufficient to argue that the complaint fails to state a claim against that defendant; rather, the removing party 'must demonstrate, by  clear and convincing evidence, . . . that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the

---

2d 1029 (2010).

. . . defendant in state court.'"). If there is a possibility that a right to relief exists under the governing law, fraudulent joinder will not be found. Id. at 183 (citation omitted).

In making the inquiry into whether a defendant has been fraudulently joined, courts may look outside the pleadings. See, e.g., Pampillonia, 138 F. 3d at 461-62 (looking to affidavits to determine if plaintiff's complaint alleged sufficient factual foundation to support his claim).

Blodgett does not contend that Tycz committed fraud in the pleadings; rather it argues that Tycz's complaint and discovery responses, and the evidence developed thus far, demonstrate that Tycz cannot state a claim against any of the New York companies. Specifically, it argues that remand is unwarranted because: Tycz himself has admitted that he believes the asbestos-containing product was manufactured and supplied only by Blodgett; Tycz failed to identify Niagara and Union Carbide in his interrogatory responses; Tycz withheld relevant documents that possibly implicate the New York defendants; and, most importantly, there is no evidence connecting the Blodgett oven to any of the New York defendants. On this last point, Blodgett points to the various declarations of the former owner of Angelina's, the former president of Niagara, and the current president of Blodgett, all of whom testify that they have no records or recollection that those entities were ever in business with one another. It further notes that although Niagara may have been the exclusive supplier of Johns Manville products, Blodgett did not engage local entities to supply ovens to customers. Moreover, documents relied on by Tycz do not show that Union Carbide supplied asbestos to Johns Manville.

Although Blodgett's arguments may make a compelling summary judgment case, the fraudulent joinder determination involves "something very different than a motion for

summary judgment. Dexter v. AC & S Inc., No. 02 Civ. 6522 RCC, 2003 WL 22725461, at *2 (S.D.N.Y. Nov. 18, 2003). Indeed, "it must be remembered that the strength of plaintiff's case . . . is not relevant in the present context." Id.; see also 16 James Wm. Moore et al., Moore's Federal Practice § 107.14[C] (3rd ed. 2008) (in order to defeat removal, "the plaintiff need not be able to survive a motion for summary judgment filed by the nondiverse defendant"). Instead, the defendant must meet an "exacting standard"; it must demonstrate that there is no possibility of stating a claim against the non-diverse defendant in state court. Resolving all factual and legal issues in Tycz's favor, see Pampillonia, 138 F.3d at 461, this Court finds that the absence of direct evidence or testimony placing the New York defendants' products at Angelina's does not, at this time, demonstrate that there is no possibility that he was not affected by such products. See Arseneault v. Congoleum, No. 01 CIV.10657(LMM), 2002 WL 472256 (S.D.N.Y. Mar. 26, 2002) ("The fact that testimony cannot be assembled by plaintiffs to place [plaintiff] at a work site at which Empire or Rapid products were present does not demonstrate that he was not affected by such products.").

Contrary to Blodgett's argument, Tycz's failure to identify the New York defendants in his interrogatory answers does not compel a finding of fraudulent joinder. Although it may, under New York law, constitute admissible evidence, see Bigelow v. Acands, Inc., 196 A.D.2d 436, 439, 601 N.Y.S.2d 478, 481 (1st Dep't 1993), such an admission does not defeat any possibility that Tycz can sustain his claim against them.

Blodgett relies on In re Eighth Judicial Dist. Asbestos Litig., 28 A.D.3d 1191, 1192, 814 N.Y.S.2d 479 (4th Dep't 2006) for this proposition—that such an admission is dispositive proof that Tycz cannot state a claim—but the court in that case merely found that the defendant "met its *initial* burden of establishing its entitlement to [summary]

judgment by establishing that plaintiffs did not identify [the defendant] as a supplier of any asbestos-containing products to which plaintiff was exposed." (Emphasis added). As previously noted, the standard here is much more stringent than that applicable to a summary judgment motion. And further, the Court in In re Eighth Judicial District Asbestos Litigation went on to find that the summary judgment was warranted not simply because of plaintiff's failure to identify defendant in its interrogatory responses, but because "evidence submitted by plaintiffs in opposition to the motion establishing that [defendant] supplied asbestos-containing products to plaintiff's employer is insufficient to create a reasonable inference that [defendant] was a source of an asbestos-containing product to which plaintiff was exposed." 28 A.D.3d 1191, 1192.

Blodgett's next argument, that Tycz's testimony—indicating that his only exposure to asbestos came from Blodgett ovens—abrogates any claim against other entities, is hardly worth discussion. It is sufficient to note that Tycz is not required to have personal knowledge of the manufacturers, suppliers, and/or distributors of the parts of an oven that he used in the course of his employment.

Equally unavailing is Blodgett's argument that this motion should be denied because of Tycz's failure to provide documents, which Tycz relies on here, pursuant to the state court's case management order. Blodgett points to Rule 37(c), which provides: "if a party fails to provide information . . . required by Rule 26(a) . . . , the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The decision to apply this harsh remedy, however, is within the court's discretion. Design Strategy, Inc. v. Davis, 469 F.3d 284, 297 (2d Cir. 2006). And, considering the early procedural posture of this case, combined with

the fact that these documents (unidentified by Blodgett, but presumably deposition testimony from previous cases) are not in the exclusive possession of Tycz—one transcript is from Blodgett's own president—this Court finds that Blodgett has not been unduly prejudiced, and therefore preclusion is unwarranted.

In sum, the allegations here suggest that Union Carbide supplied raw asbestos to Johns Manville, that Niagara distributed Johns Manville products, and that Tycz worked with a Blodgett oven that contained Transite©—a Johns Mannville product. Based on this, and considering the undeveloped record—Blodgett removed this case before answering Tycz's discovery demands—Blodgett has not shown that there is no possibility that Tycz can sustain a claim against Niagara and Union Carbide.

This finding aligns with those in other courts considering similar issues. See Vasura v. Acands, 84 F. Supp. 2d 531, 539 (S.D.N.Y. 2000); Dexter, 2003 WL 22725461, at *3 (S.D.N.Y. Nov. 18, 2003) ("Here, as in Vasura and Arseneault, Defendants rest their removal of the case, and their argument for fraudulent joinder, on Plaintiffs' failure to identify Occupational Defendants' asbestos-containing products to which Mr. Dexter was exposed. Such an argument does not meet the standard articulated in Pampillonia"); Sherman v. A.J. Pegno Constr. Corp., 528 F. Supp. 2d 320, 329 (S.D.N.Y. 2007) ("District courts in this Circuit have uniformly found that, in the context of asbestos personal injury actions removed to federal court, the plaintiff[']s 'broad claims' as against alleged manufacturers and distributors of asbestos-containing products are sufficient to withstand a fraudulent joinder motion.").

## IV. CONCLUSION

Accordingly, Tycz's motion to remand is granted. The parties shall bear their own costs relating to this motion.

## V. ORDERS

IT HEREBY IS ORDERED, that Plaintiff's Motion to Remand (Docket No. 6) is GRANTED with respect to Remand and DENIED with respect to Costs

FURTHER, that the Clerk of the Court is directed to transfer this case to the Supreme Court of the State of New York, Erie County.

FURTHER, that the Clerk of the Court is directed to take the steps necessary to close this case.


Dated:        August 1, 2012
              Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                           Chief Judge
                                     United States District Court